IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
CARMEN S. TALAVERA              )
2900 Spring Pond Road           )
Davidson, MD 21035              )
                                )
        Plaintiff,              )
                                )
        v.                      )    Civil Action No.
                                )
RANDALL L. TOBIAS               )
Administrator, U.S. AGENCY FOR  )    April 20, 2007
INTERNATIONAL DEVELOPMENT       )
1300 Pennsylvania Avenue        )
Washington, DC 20523            )
                                )
        Defendant               )
_____
```

## COMPLAINT

**JURISDICTION**

1. The plaintiff, Carmen S. Talavera, brings this action against the defendant, her former employer, for discriminating against her because of her gender and for opposing the defendant's discriminatory practices in violation of Section 717 of Title VII of the Civil Rights Act of 1964, as amended, (Title VII) 42 U.S.C. §2000e, et. seq. at §2000e-16, incorporating the provisions of Sections 703 and 704 of Title VII, 42 U.S.C. §§2000e-2 and 3.

2. Jurisdiction of this Court is provided under 42 U.S.C. §§2000e-5 and 16 and 5 U.S.C. §7703(b)(2).

3. Venue in this district is appropriate inasmuch as the plaintiff was employed with the defendant in this district and the acts of discrimination complained of all took place in this district.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

4. The plaintiff is commencing this action within 30 days after March 24, 2007, the date she received authorization to file from the Equal Employment Opportunity Commission (EEOC) with regard to her claim that the defendant unlawfully removed her from her position. The plaintiff had previously filed timely appeals with the EEOC and the Merit Systems Protection Board (MSPB) challenging her removal under the mixed case provisions of 5 U.S.C. §7702.

5. On or about June 8, 2004 and November 10, 2004, the plaintiff also filed timely complaints of discrimination with the EEOC regarding the defendant's demand that she submit to an unauthorized fitness for duty exam and the defendant's refusal to promote her. These complaints have been pending more than 180 days without resolution.

6. Thus, prior to this lawsuit, the plaintiff has otherwise exhausted her administrative processing requirements and all administrative remedies.

**PARTIES**

7. The plaintiff, Ms. Talavera, is a resident of the State of Maryland and is a U.S. citizen.

8. The defendant, Randall Tobias, is the Administrator of the United States Agency for International Development.

9. As such, he is responsible for administering the defendant and preventing discrimination within its ranks. He is sued only in his official capacity here.

**STATEMENT OF CLAIMS**

10. Ms. Talavera is a female and a 30 year federal employee.

11. Ms. Talavera worked for the defendant commencing in September 2001, when she was selected for a GS-13 position as Security Specialist.

12. Up until her removal in this case, Ms. Talavera was never disciplined or counseled for any reason and had an unblemished record of high performance dating back over 20 years.

13. The defendant initially assigned Ms. Talavera to Personnel Information Domestic Security. She received very good performance evaluations while working under Mr. Bisom in that unit. In fact, she was described in glowing terms as being a model for the unit.

14. In early 2003, pursuant to her request to Director Flannery, who was head of the entire Physical Security unit, Ms. Talavera was detailed to the Physical Security Programs Division headed by David Blackshaw.

15. Later that year, the defendant laterally reassigned Ms. Talavera to that unit when a vacancy opened up at the GS-13 level. Ms. Talavera reported to Team Leader Gaylord Coston, who later proposed her removal. The unit head, Division Chief, Blackshaw, was the deciding official on Ms. Talavera's removal. Harry Manchester was the third level supervisor and Acting Director of the Office.

16. Ms. Talavera continued to receive good evaluations for her work performance in 2003, which was written for her by Mr. Coston. Coston gave her a cash award for outstanding performance effective May 27, 2004.

17. In her 2004 evaluation, Coston described Ms. Talavera as somebody who set an example for others to follow. Coston also complimented her on the threat assessments that she completed for various named countries, including Ireland.

18. However, this was the last favorable performance award that Ms. Talavera received. Coston recommended Ms. Talavera for removal in early 2005 based on misconduct that he claims started as early as 2004.

19.     Coston has admitted that in early 2004, he became upset with Ms. Talavera when he took a training trip with her overseas and, during various discussions she had with him during the trip, Ms. Talavera challenged personnel decisions on the basis of discriminatory favoritism toward the men in the unit.

20. Upon returning from the trip, Coston sought assistance from the defendant's Human Resources (HR) office.  Employees of this office advised Coston to request a Fitness for Duty psychiatric exam at the same time that the State Department physician was performing her overseas physical.

21.  Ms. Talavera filed a complaint with the EEOC regarding this unauthorized request that she submit to such an exam.

22. Later that fall, the defendant also denied Ms. Talavera a promotion for a GS-14 position even though she was the most qualified to receive the position.

23. Ms. Talavera also discovered information that Blackshaw and Coston had decided to promote two less qualified males to these positions and that they had made their decisions even before any interviews for the positions had taken place.

24. Ms. Talavera then filed another EEOC complaint about the denial of the promotion on or about November 10, 2004.

25. Shortly thereafter, in early 2005, Ms. Talavera received an evaluation which, although satisfactory, was below what she had received the previous year.

26.  Further, in March 2005, Blackshaw and Coston began initiating other personnel actions that showed that they were planned to terminate Ms. Talavera's employment, as they sought to do a year earlier by requiring the unauthorized fitness for duty exam.

27. On 3/7/05, Blackshaw sent Manchester a lengthy email asking that "Carmen [be] reassigned to another less sensitive position" because of "not grasping the knowledge needed for the job and has a severe credibility issue." Manchester responded that there were no less sensitive positions to which he could assign Ms. Talavera.

28. Over the next two weeks, Coston then prepared a series of "16 annexations". These annexations were actually accusations of misconduct against Ms. Talavera.

29. On 3/31/05, after Blackshaw reviewed and approved the charges, Coston submitted them to the defendant's HR office and recommended removing Ms. Talavera from her position.

30. Out of these 16 charges, HR chose to find merit in two. Eventually, however, Coston, the recommending official, settled on four charges arising from these annexations for the proposed removal.

31. Blackshaw, the deciding official, upheld all four charges. These charges were misrepresentation of a material fact, providing false information to a supervisor, inattention to duty and failing to comply with instructions.

32. Ms. Talavera demonstrated that the 16 annexations were pretexts to remove her after Manchester would not approve the performance related reassignment that Blackshaw recommended. The charges were untrue and trumped up to be something that they were not.

33. In fact, Coston and Blackshaw had decided to remove Ms. Talavera for discriminatory reasons and in retaliation for her protected complaint activity to EEOC.

34. In conspiring to remove Ms. Talavera, the defendant failed to follow its own disciplinary procedures, failed to provide progressive discipline and failed to demonstrate that the discipline meted out was consistent with discipline issued for similar offenses involving males or persons who had not opposed discrimination or filed EEO complaints.

35. Blackshaw, the deciding official, also relied on charges which were not in the specifications and for which he did not provide Ms. Talavera notice.

**CLAIM ONE (DISCRIMINATION BASED ON SEX AND RETALIATION FOR OPPOSING DISCRIMINATION AND FOR FILING EEOC COMPLAINTS IN REMOVING THE PLAINTIFF FROM FEDERAL EMPLOYMENT)**

36. The plaintiff incorporates by reference paragraphs one through 35 herein.

37. By the actions described in paragraphs one through 35, in removing her from her position as a Security Specialist, the defendant discriminated against Ms. Talavera on the basis of her gender and because she opposed discrimination and filed complaints of discrimination with the EEOC against the defendant.

38. The defendant's actions violated Sections 703 and 704 of Title VII, 42 U.S.C. §§2000e-2 and 3 as incorporated into Section 717 of Title VII, 42 U.S.C. §2000e-16.

39. As a result of the defendant's unlawful conduct, Ms. Talavera has suffered damages in the form of lost wages, benefits and other attendant rights and privileges of her employment.

40. As a result of the defendant's unlawful conduct, Ms. Talavera has suffered and continues to suffer, loss of employment opportunities, mental and emotional distress and loss of enjoyment of life.

**CLAIM TWO (DISCRIMINATION BASED ON SEX AND RETALIATION FOR OPPOSING DISCRIMINATION AND FOR FILING EEOC COMPLAINTS IN REFUSING TO PROMOTE THE PLAINTIFF TO A GS 14 POSITION )**

41. The plaintiff incorporates by reference paragraphs one through 40 herein.

42. By the actions described in paragraphs one through 40, in refusing to promote her to a GS-14 position for which she was the most qualified, the defendant discriminated against Ms. Talavera on the basis of her gender and because she opposed discrimination and filed complaints of discrimination with the EEOC against the defendant.

43. The defendant's actions violated Sections 703 and 704 of Title VII, 42 U.S.C. §§2000e-2 and 3 as incorporated into Section 717 of Title VII, 42 U.S.C. §2000e-16.

44. As a result of the defendant's unlawful conduct, Ms. Talavera has suffered damages in the form of lost wages, benefits and other attendant rights and privileges of her employment.

45. As a result of the defendant's unlawful conduct, Ms. Talavera has suffered and continues to suffer loss of employment opportunities, mental and emotional distress and loss of enjoyment of life.

**CLAIM THREE (DISCRIMINATION BASED ON SEX AND RETALIATION FOR OPPOSING DISCRIMINATION IN REQUIRING AN UNAUTHORIZED FITNESS FOR DUTY EXAM)**

46. The plaintiff incorporates by reference paragraphs one through 45 herein.

47. By the actions described in paragraphs one through 45, in requiring her to submit to a fitness for duty psychiatric exam which was not authorized the defendant discriminated against Ms. Talavera on the basis of her gender and because she opposed the defendant's discrimination against her.

48. The defendant's actions violated Sections 703 and 704 of Title VII, 42 U.S.C. §§2000e-2 and 3 as incorporated into Section 717 of Title VII, 42 U.S.C. §2000e-16.

49. As a result of the defendant's unlawful conduct, Ms. Talavera has suffered damages in the form of lost benefits and other attendant rights and privileges of her employment.

50. As a result of the defendant's unlawful conduct, Ms. Talavera has suffered and continues to suffer loss of employment opportunities, mental and emotional distress and loss of enjoyment of life.

**DEMAND FOR RELIEF**

WHEREFORE, the plaintiff requests that this Court:

1. Issue a declaratory ruling that the defendant has violated the plaintiff's rights under Section 717 of Title VII, 42 U.S.C.§2000e-16, incorporating Sections 703 and 704 of Title VII, 42 U.S.C.§§2000e-2 and 3;

2. Issue a permanent injunction that orders the defendant to reinstate the plaintiff's employment with the defendant and appoints her to the next available GS-14 position for which she reasonably qualifies;

3. Issue an order against the defendant awarding the plaintiff back and/or front pay and benefits and restoring to her all other rights and privileges of her employment;

4. Issue an order against the defendant awarding the plaintiff compensatory damages for her loss of career opportunities, mental and emotional distress and loss of enjoyment of life;

5. Issue an order against the defendant awarding the plaintiff costs of prosecuting this action, including reasonable attorney's fees;

6. Issue an order against all defendant awarding the plaintiff pre- and post- judgment interest; and

7. Issue an order awarding the plaintiff such other relief as may be just and proper.

**DEMAND FOR JURY TRIAL**

The plaintiff hereby demands a trial by jury with regard to all issues to which she is entitled under law.

Respectfully Submitted,
The Plaintiff,
Carmen S. Talavera


By   /s/ James L. Kestell_____
     James L. Kestell
     D.C. Bar # 955310

     /s/ Jonathan L. Gould_____
     Jonathan L. Gould
     DC Bar #491052

     Kestell and Associates
     1012 14th Street, NW, Suite 630
     Washington, DC 20005
     Tel. 202-347-3889
     Fax 202-347-4482
     Email: jlkestell@cox.net
     Email: jgould@igc.org

     Attorneys for the Plaintiff

07-720
4 JDB

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
CARMEN S. TALAVERA
2900 Spring Pond Road, Davidson, MD 21035

## DEFENDANTS
RANDALL L. TOBIAS
Administrator, U.S. AGENCY FOR INTERNATIONAL DEVELOPMENT
1300 Pennsylvania, Washington DC 20523

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Anne Arundel, MD
(EXCEPT IN U.S. PLAINTIFF CASES)   88888

Case: 1:07-cv-00720
Assigned To : Bates, John D.
Assign. Date : 4/20/2007
Description: TALAVERA v. TOBIAS

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
James L. Kestell
Jonathan L. Gould
Kestell & Associates
1012 14th St, NW Suite 630
Washington, DC 20005

555 4th Street, NW
Washington, DC 20530

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ○ 3 Federal Question (U.S. Government Not a Party)
- ● 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
- [ ] 410 Antitrust

### ○ B. Personal Injury/Malpractice
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Medical Malpractice
- [ ] 365 Product Liability
- [ ] 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
- [ ] 151 Medicare Act

Social Security:
- [ ] 861 HIA ((1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g)
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g)

Other Statutes
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)   OR   ○ F. Pro Se General Civil

**Real Property**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent, Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**Personal Property**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**Bankruptcy**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition

**Property Rights**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

**Federal Tax Suits**
- [ ] 870 Taxes (US plaintiff or defendant
- [ ] 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- [ ] 610 Agriculture
- [ ] 620 Other Food &Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 RR & Truck
- [ ] 650 Airline Regs
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

**Other Statutes**
- [ ] 400 State Reapportionment
- [ ] 430 Banks & Banking
- [ ] 450 Commerce/ICC Rates/etc.
- [ ] 460 Deportation

- [ ] 470 Racketeer Influenced & Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Satellite TV
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 900 Appeal of fee determination under equal access to Justice
- [ ] 950 Constitutionality of State Statutes
- [ ] 890 Other Statutory Actions (if not administrative agency review or Privacy Act

RANDALL TOBIAS

| ○ G. *Habeas Corpus/ 2255*<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ⦿ H. *Employment Discrimination*<br><br>☑ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ○ I. *FOIA/PRIVACY ACT*<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ○ J. *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ○ K. *Labor/ERISA (non-employment)*<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ○ L. *Other Civil Rights (non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ○ M. *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ○ N. *Three-Judge Court*<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⦿ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Discrimination and retaliation in violation of 42 U.S.C. section 2000e-16.

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____   Check YES only if demanded in complaint
JURY DEMAND:  YES ☒   NO ☐

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  YES ☐  NO ☒  If yes, please complete related case form.

DATE 4/20/2007    SIGNATURE OF ATTORNEY OF RECORD  [signature]

JTC

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.