UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **CARMEN S. TALAVERA**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 07-720 (JDB) |
| | ) | |
| **HENRIETTA H. FORE,** | ) | |
| Acting Administrator, U.S. Agency for | ) | |
| International Development, | ) | |
| | ) | |
| Defendant.[1] | ) | |
| | ) | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR ENTRY OF DEFAULT**

Defendant, Henrietta H. Fore, Administrator, United States Agency for International Development ("USAID"), respectfully submits her opposition to Plaintiff's motion for entry of default. In support of this opposition, Defendant states the following:

1.) Plaintiff filed her complaint in this Court on April 20, 2007. A summons was issued to Defendant Randall L. Tobias, the-then Administrator of USAID, on that date. [Docket Entry dated April 20, 2007].

2.) On July 11, 2007, Plaintiff filed a return of service/affidavit of service indicating that service had been completed on the Civil Process Clerk of the United States Attorney's Office, the Office of the Attorney General, and on Defendant Tobias. [Docket Entry No. 2]. Notably, the sworn affidavit of Jonathan L. Gould indicates that he received confirmation that

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Henrietta H. Fore is substituted as the named defendant. Ms. Fore was designated by President George W. Bush as Acting Administrator of USAID on May 7, 2007, after the prior administrator, Randall L. Tobias, resigned.

the summons and complaint were served on the Civil Process Clerk and Defendant Tobias. Sworn Declaration of Service of Jonathan L. Gould dated July 11, 2007 ("Gould Decl."). Mr. Gould's declaration makes no mention of whether service on the Attorney General was completed. Furthermore, the only summons attached to Mr. Gould's declaration was a summons issued to Defendant Tobias. There were no summonses issued to either the United States Attorney or the Attorney General.

      3.)      On July 25, 2007, Plaintiff filed a motion for default. [Docket Entry No. 3]. In this motion, Plaintiff contends that she received confirmation that the summons and complaint had been received by the Civil Process Clerk and Defendant Tobias. Plaintiff made no mention of whether service had been received by the Attorney General. Plaintiff attached to her motion a copy of the return receipt showing that service had been received by the Civil Process Clerk and Defendant Tobias. No such receipt was submitted as it concerns the Attorney General.

      4.)      Pursuant to Fed. R. Civ. P. 4(i)(1)(A) & (2)(A), in addition to serving the named agency, Plaintiff was required to serve a copy of the summons and the complaint to "the United States attorney for the district in which the action is brought" or by serving "an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court or by sending a copy of the summons and . . . complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney." In addition, Plaintiff was required to send a copy of the summons and complaint "by registered or certified mail to the Attorney General of the United States . ... ." Fed. R. Civ. P. 4(i)(1)(B).

      5.)      Plaintiff's motion for default and the accompanying affidavit of Jonathan Gould reveal that Plaintiff has failed to demonstrate that she has properly served the Attorney General

of the United States. Plaintiff does not allege that service on the Attorney General has been effected; nor has she attached a delivery confirmation demonstrating that such service has been effected. Nor were summonses ever issued to the Attorney General or the United States Attorney. See Fed. R. Civ. P. 4(b) (requiring that summonses "shall be issued for each defendant to be served."). Because Plaintiff has not properly served the United States, default judgment is not proper. See James v. Booz-Allen Hamilton, Inc., 206 F.R.D. 15, 18 (D.D.C. 2002) (holding that default judgment was not proper where "plaintiff[ ] fail[ed] to properly serve the defendant, [and] the defendant's failure to answer could not be construed as willful."); Haldane v. Crockford, No. Civ.A. 97-2483, 1998 WL 419617, at *3 (D.D.C. Apr. 23, 1998) ("[D]efendant's obligation to answer or plead to the complaint is predicated on effective service of the complaint."); Walsdorf v. Commissioner of Patents & Trademarks, No. Civ.A. 85-2543, 1986 WL 8778, at *1 (D.D.C. Jan. 28, 1986) ("Because there was no effective service upon defendant, the time to answer the complaint did not begin to run, [and] . . . default is inappropriate.").

      6.)     Furthermore, as the attached declaration of Lakesha Carroll indicates, despite Plaintiff's delivery receipt confirming that the Civil Process Clerk was served, a review of the Civil Division's Summons and Complaint Service Book does not indicate that Plaintiff's summons and complaint were ever received by the U.S. Attorney. See Declaration of Lakesha Carroll, attached as Exhibit A. While Plaintiff's complaint was apparently received by Ernest Parker, an employee at the Department of Justice's mailroom, it has not been received by the Civil Process Clerk. Id. ¶ 4. See Jyachosky v. England, Civil Action No. 04-1734, (D.D.C. May 25, 2005) (holding that service upon an employee at the Department of Justice's main building was insufficient to constitute service upon the United States Attorney for the District of

Columbia as the employee "was not authorized to receive service of civil actions on behalf of the United States Attorney for the District of Columbia."), attached as Exhibit B.  Therefore, service of process on the United States Attorney's Office has not been properly effected and Defendant's time to respond to the complaint has not yet started to run.  See Fed. R. Civ. P. 12(a)(3)(A).

7.) Even assuming that proper service had been effected, which it has not, Plaintiff's motion for entry of default wholly fails to establish her entitlement to the relief she seeks.  See Fed. R. Civ. P. 55(e) ("No judgment by default shall be entered against the United States or an officer or agency thereof unless the claimant establishes a claim or right to relief by evidence satisfactory to the court.").  In her motion for default, Plaintiff provides no legal argument in support of the underlying relief she seeks; rather, she only recites the events regarding her attempts at service.  This is insufficient to warrant the entry of default against the United States.  See also O-J-R v. Ashcroft, 216 F.R.D. 150, 152 (D.D.C. 2003) (denying plaintiff's motion for default judgment against the United States because, by merely providing three lines of text in support of her motion,  "plaintiff fail[ed] to acknowledge or attempt to satisfy Federal Rule of Civil Procedure 55(e), which prohibits courts from entering default judgments against the United States . . . unless the claimant, by evidence satisfactory to the court, establishes a right to relief.").  For these reasons, Plaintiff's motion for default should be denied.

Dated: July 30, 2007

                                              Respectfully submitted,

                                                 /s/ Jeffrey A. Taylor
                                              JEFFREY A. TAYLOR, D.C. BAR # 498610
                                              United States Attorney

    /s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney

    /s/ Michelle N. Johnson
MICHELLE N. JOHNSON, D.C. BAR # 491910
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W. – Room E4212
Washington, D.C. 20530
(202) 514-7139

COUNSEL FOR DEFENDANT

EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CARMEN S. TALAVERA,           Plaintiff, v. RANDALL L. TOBIAS, Administrator, U.S. Agency for International Development,           Defendant. | Civil Action No.: 07-720 (JDB) |

### DECLARATION OF LAKESHA CARROLL

I, Lakesha Carroll, do hereby depose and state that:

1. I am the Lead Docket in the Civil Division of the United States Attorney's Office for the District of Columbia ("U.S. Attorney's Office"). I have held this position since May 16, 2006.

2. I am authorized to receive service of process in civil cases. The office's procedure for recording receipt of process is for the civil process clerk to stamp the summons with a date stamp upon receipt and to record the name of the case and the civil action number in the Civil Division's "Summons and Complaint Service Book."

3. I understand that Plaintiff filed the complaint in this case on April 20, 2007. I have reviewed the Civil Division's Summons and Complaint Book from that date through the present to ascertain whether the summons and complaint have been served on this office. There is no entry in the Summons and Complaint Book reflecting service on this office at any time from April 20, 2007, through the

       present.

4.     While Plaintiff's return receipt indicates that the complaint was received by Ernest Parker, Mr. Parker is an employee of the Department of Justice's main mailroom and does not receive service for the United States Attorney for the District of Columbia.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 30, 2007.

                                                            _/s/ Lakesha M. Carroll_
                                                            LAKESHA CARROLL

EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BARBARA A. JYACHOSKY,<br><br>**Plaintiff,**<br><br>v.<br><br>GORDON ENGLAND, Secretary,<br>Department of the Navy,<br><br>**Defendant.** | Civil Action 04-01734 (HHK) |

**ORDER**

On October 12, 2004, Barbara A. Jyachosky ("Jyachosky") filed this action alleging that her employer, the Department of the Navy ("Navy"), discriminated against her on the basis of her sex, age, and national origin in violation of Title VII of the Civil Rights Act of 1964. On March 6, 2005, Jyachosky filed a motion for summary judgment on the grounds that the Navy failed to answer the complaint within sixty days as required by Rule 12(a)(3)(A) of the Federal Rules of Civil Procedure. After receiving an order from the court to respond to Jyachosky's motion, the Navy filed a motion to dismiss on April 8, 2005, asserting that Jyachosky failed to properly serve her complaint.

Rule 4(i)(1) of the Federal Rules of Civil Procedure, in pertinent part, states that

> Service upon the United States shall be effected (A) by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court . . . .

A plaintiff must also send by registered or certified mail a copy of the summons and complaint to the United States Attorney General in Washington, DC. FED. R. CIV. P. 4(i)(1)(B). Pursuant to Federal Rule of Civil Procedure 4(m), "[i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court . . . shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time . . . ."

Jyachosky states that on October 14, 2004, she served process by delivery through a process server to three parties: the Navy, the United States Attorney General, and the United States Attorney for the District of Columbia. Pl.'s Opp'n. at 2.[1] Jyachosky then mailed copies of her papers to this court on October 20, 2004. *Id.* Despite Jyachosky's attempts, the Department of Justice Civil Division's Summons and Complaint Service Book does not indicate that Jyachosky served the United States Attorney for the District of Columbia. Def.'s Ex. C (Def.'s Mot. to Dismiss). Apparently, the process server delivered the summons and complaint intended for the United States Attorney for the District of Columbia to "Bill Vedders [sic] U.S. Justice Department Attorney General's Office." Return Serv. Aff. of Summons and Compl. to U.S. Att'y. Bill Vedder, then a mailroom employee at the Department of Justice's main building, was not authorized to receive service of civil actions on behalf of the United States Attorney for the District of Columbia. Def.'s Ex. A (Def.'s Mot. to Dismiss). Thus, it is clear that the Navy has not been properly served because Jyachosky failed to "deliver[] a copy of the summons and of the complaint to the [United States Attorney for the District of Columbia]." FED. R. CIV. P. 4(i)(1)(A).

---

[1] The full title of this document is "Memorandum of Points and Authorities in Support of Plaintiff's Combined Motion Not to Dismiss and Not to Oppose Summary Judgment."

2

For the aforementioned reasons, it is this 25th day of May, 2005, hereby

**ORDERED** that Jyachosky's motion for summary judgment is **DENIED**;

and it is further

**ORDERED** that the Navy's motion to dismiss is **DENIED** without prejudice;

and it is further

**ORDERED** that Jyachosky shall effect service of process and provide proof of such service as required by LCvR 5.3 within thirty days of the docketing of this order.

Henry H. Kennedy, Jr.
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **CARMEN S. TALAVERA**, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No.: 07-720 (JDB) |
| **HENRIETTA H. FORE,** Acting Administrator, U.S. Agency for International Development, | ) | |
| Defendant.[1] | ) | |

**[PROPOSED] ORDER**

This matter having come before the Court on Plaintiff's Motion for Default and Defendant's opposition to the motion, it is hereby

**ORDERED** that Plaintiff's motion for default is hereby **DENIED.**

**SO ORDERED** on this ____ day of _____, 2007.

_____
JOHN D. BATES
UNITED STATES DISTRICT JUDGE

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Henrietta H. Fore is substituted as the named defendant. Ms. Fore was designated by President George W. Bush as Acting Administrator of USAID on May 7, 2007, after the prior administrator, Randall L. Tobias, resigned.