## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

CARMEN S. TALAVERA         )

                                        )

        Plaintiff,            )

                                          )

        v.                  )       Civil Action No.

                                          )       1:07-cv-00720 (JDB)

HENRIETTA H. FORE        )

Administrator, U.S. AGENCY FOR    )     December 27, 2007

INTERNATIONAL DEVELOPMENT   )

                                          )

        Defendant         )

_____

## FIRST AMENDED COMPLAINT

### JURISDICTION

1. The plaintiff, Carmen S. Talavera, brings this action against the defendant, her former employer, for discriminating against her because of her gender and for opposing the defendant's discriminatory practices in violation of Section 717 of Title VII of the Civil Rights Act of 1964, as amended, (Title VII) 42 U.S.C. §2000e, et. seq. at §2000e-16, incorporating the provisions of Sections 703 and 704 of Title VII, 42 U.S.C. §§2000e-2 and 3.

2. Jurisdiction of this Court is provided under 42 U.S.C. §§2000e-5 and 16 and 5 U.S.C. §7703(b)(2).

3. Venue in this district is appropriate inasmuch as the plaintiff was employed with the defendant in this district and the acts of discrimination complained of all took place in this district.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

4.      The plaintiff is commencing this action within 30 days after March 24, 2007, the date she received authorization to file from the Equal Employment Opportunity Commission (EEOC) with regard to her claim that the defendant unlawfully removed her from her position. The plaintiff had previously filed timely appeals with the EEOC and the Merit Systems Protection Board (MSPB) challenging her removal under the mixed case provisions of 5 U.S.C. §7702.

5. On or about June 8, 2004 and November 10, 2004, the plaintiff also filed timely complaints of discrimination with the EEOC regarding the defendant's demand that she submit to an unauthorized fitness for duty exam and the defendant's refusal to promote her. These complaints have been pending more than 180 days without resolution.

6. Thus, prior to this lawsuit, the plaintiff has otherwise exhausted her administrative processing requirements and all administrative remedies.

**PARTIES**

7. The plaintiff, Ms. Talavera, is a resident of the State of Maryland and is a U.S. citizen.

8. The defendant, Henrietta H. Fore, is the Administrator of the United States Agency for International Development.

9. As such, she is responsible for administering the defendant and preventing discrimination within its ranks. She is sued only in her official capacity here.

**STATEMENT OF CLAIMS**

10. Ms. Talavera is a female and a 30 year federal employee.

11. Ms. Talavera worked for the defendant commencing in September 2001, when she was selected for a GS-13 position as Security Specialist.

12. Up until her removal in this case, Ms. Talavera was never disciplined or counseled for any reason and had an unblemished record of high performance dating back over 20 years.

13. The defendant initially assigned Ms. Talavera to Personnel Information Domestic Security. She received very good performance evaluations while working under Mr. Bisom in that unit.  In fact, she was described in glowing terms as being a model for the unit.

14. In early 2003, pursuant to her request to Director Flannery, who was head of the entire Physical Security unit, Ms. Talavera was detailed to the Physical Security Programs Division headed by David Blackshaw.

15.  Later that year, the defendant laterally reassigned Ms. Talavera to that unit when a vacancy opened up at the GS-13 level. Ms. Talavera reported to Team Leader Gaylord Coston, who later proposed her removal.  The unit head, Division Chief, Blackshaw, was the deciding official on Ms. Talavera's removal.   Harry Manchester was the third level supervisor and Acting Director of the Office.

16.  Ms. Talavera continued to receive good evaluations for her work performance in 2003, which was written for her by Mr. Coston.   Coston gave her a cash award for outstanding performance effective May 27, 2004.

17. In her 2004 evaluation, Coston described Ms. Talavera as somebody who set an example for others to follow. Coston also complimented her on the threat assessments that she completed for various named countries, including Ireland.

18. However, this was the last favorable performance award that Ms. Talavera received.  Coston recommended Ms. Talavera for removal in early 2005 based on misconduct that he claims started as early as 2004.

19.    Coston has admitted that in early 2004, he became upset with Ms. Talavera when he took a training trip with her overseas and, during various discussions she had with him during the trip, Ms. Talavera challenged personnel decisions on the basis of discriminatory favoritism toward the men in the unit.

20. Upon returning from the trip, Coston sought assistance from the defendant's Human Resources (HR) office.  Employees of this office advised Coston to request a Fitness for Duty psychiatric exam at the same time that the State Department physician was performing her overseas physical.

21.  Ms. Talavera filed a complaint with the EEOC regarding this unauthorized request that she submit to such an exam.

22. Later that spring (June) 2004 and the fall October (2004), the defendant also denied Ms. Talavera promotions for GS-14 positions even though she was the most qualified to receive the positions.

23. Ms. Talavera also discovered information that Blackshaw and Coston had decided to promote two less qualified males to these positions and that they had made their decisions even before any interviews for the positions had taken place.

24. Ms. Talavera then filed another EEOC complaint about the denial of the promotion on or about November 10, 2004.

25. Shortly thereafter, in early 2005, Ms. Talavera received an evaluation which, although satisfactory, was below what she had received the previous year.

26.  Further, in March 2005, Blackshaw and Coston began initiating other personnel actions that showed that they were planned to terminate Ms. Talavera's employment, as they sought to do a year earlier by requiring the unauthorized fitness for duty exam.

27. On 3/7/05, Blackshaw sent Manchester a lengthy email asking that "Carmen [be] reassigned to another less sensitive position" because of "not grasping the knowledge needed for the job and has a severe credibility issue."  Manchester responded that there were no less sensitive positions to which he could assign Ms. Talavera.

28. Over the next two weeks, Coston then prepared a series of "16 annexations".   These annexations were actually accusations of misconduct against Ms. Talavera.

29. On 3/31/05, after Blackshaw reviewed and approved the charges, Coston submitted them to the defendant's HR office and recommended removing Ms. Talavera from her position.

30. Out of these 16 charges, HR chose to find merit in two. Eventually, however, Coston, the recommending official, settled on four charges arising from these annexations for the proposed removal.

31. Blackshaw, the deciding official, upheld all four charges. These charges were misrepresentation of a material fact, providing false information to a supervisor, inattention to duty and failing to comply with instructions.

32. Ms. Talavera demonstrated that the 16 annexations were pretexts to remove her after Manchester would not approve the performance related reassignment that Blackshaw recommended.  The charges were untrue and trumped up to be something that they were not.

33. In fact, Coston and Blackshaw had decided to remove Ms. Talavera for discriminatory reasons and in retaliation for her protected complaint activity to EEOC.

34. In conspiring to remove Ms. Talavera, the defendant failed to follow its own disciplinary procedures, failed to provide progressive discipline and failed to demonstrate that the discipline meted out was consistent with discipline issued for similar offenses involving males or persons who had not opposed discrimination or filed EEO complaints.

35. Blackshaw, the deciding official, also relied on charges which were not in the specifications and for which he did not provide Ms. Talavera notice.

**CLAIM ONE (DISCRIMINATION BASED ON SEX AND RETALIATION FOR OPPOSING DISCRIMINATION AND FOR FILING EEOC COMPLAINTS IN REMOVING THE PLAINTIFF FROM FEDERAL EMPLOYMENT)**

36. The plaintiff incorporates by reference paragraphs one through 35 herein.

37. By the actions described in paragraphs one through 35, in removing her from her position as a Security Specialist, the defendant discriminated against Ms. Talavera on the basis of her gender and because she opposed discrimination and filed complaints of discrimination with the EEOC against the defendant.

38. The defendant's actions violated Sections 703 and 704 of Title VII, 42 U.S.C. §§2000e-2 and 3 as incorporated into Section 717 of Title VII, 42 U.S.C. §2000e-16.

39. As a result of the defendant's unlawful conduct, Ms. Talavera has suffered damages in the form of lost wages, benefits and other attendant rights and privileges of her employment.

40. As a result of the defendant's unlawful conduct, Ms. Talavera has suffered and continues to suffer, loss of employment opportunities, mental and emotional distress and loss of enjoyment of life.

**CLAIM TWO (DISCRIMINATION BASED ON SEX AND RETALIATION FOR OPPOSING DISCRIMINATION AND FOR FILING EEOC COMPLAINTS IN REFUSING TO PROMOTE THE PLAINTIFF TO A GS 14 POSITION )**

41. The plaintiff incorporates by reference paragraphs one through 40 herein.

42. By the actions described in paragraphs one through 40, in refusing to promote her to GS-14 positions in June 2004 and October 2004 for which she was the most qualified, the defendant discriminated against Ms. Talavera on the basis of her gender and because she opposed discrimination and filed complaints of discrimination with the EEOC against the defendant.

43. The defendant's actions violated Sections 703 and 704 of Title VII, 42 U.S.C. §§2000e-2 and 3 as incorporated into Section 717 of Title VII, 42 U.S.C. §2000e-16.

44. As a result of the defendant's unlawful conduct, Ms. Talavera has suffered damages in the form of lost wages, benefits and other attendant rights and privileges of her employment.

45. As a result of the defendant's unlawful conduct, Ms. Talavera has suffered and continues to suffer loss of employment opportunities, mental and emotional distress and loss of enjoyment of life.

**CLAIM THREE (DISCRIMINATION BASED ON SEX AND RETALIATION FOR OPPOSING DISCRIMINATION IN REQUIRING AN UNAUTHORIZED FITNESS FOR DUTY EXAM)**

46. The plaintiff incorporates by reference paragraphs one through 45 herein.

47. By the actions described in paragraphs one through 45, in requiring her to submit to a fitness for duty psychiatric exam which was not authorized the defendant discriminated against Ms. Talavera on the basis of her gender and because she opposed the defendant's discrimination against her.

48. The defendant's actions violated Sections 703 and 704 of Title VII, 42 U.S.C. §§2000e-2 and 3 as incorporated into Section 717 of Title VII, 42 U.S.C. §2000e-16.

49. As a result of the defendant's unlawful conduct, Ms. Talavera has suffered damages in the form of lost benefits and other attendant rights and privileges of her employment.

50. As a result of the defendant's unlawful conduct, Ms. Talavera has suffered and continues to suffer loss of employment opportunities, mental and emotional distress and loss of enjoyment of life.

**DEMAND FOR RELIEF**

WHEREFORE, the plaintiff requests that this Court:

1.  Issue a declaratory ruling that the defendant has violated the plaintiff's rights under Section 717 of Title VII, 42 U.S.C.§2000e-16, incorporating Sections 703 and 704 of Title VII, 42 U.S.C.§§2000e-2 and 3;

2.  Issue a permanent injunction that orders the defendant to reinstate the plaintiff's employment with the defendant and appoints her to the next available GS-14 position for which she reasonably qualifies;

3.  Issue an order against the defendant awarding the plaintiff back and/or front pay and benefits and restoring to her all other rights and privileges of her employment;

4.  Issue an order against the defendant awarding the plaintiff compensatory damages for her loss of career opportunities, mental and emotional distress and loss of enjoyment of life;

5.  Issue an order against the defendant awarding the plaintiff costs of prosecuting this action, including reasonable attorney's fees;

6.  Issue an order against all defendant awarding the plaintiff pre- and post- judgment interest; and

7.  Issue an order awarding the plaintiff such other relief as may be just and proper.

<u>**DEMAND FOR JURY TRIAL**</u>

The plaintiff hereby demands a trial by jury with regard to all issues to which she is entitled under law.

Respectfully Submitted,
The Plaintiff,
Carmen S. Talavera


By      /s/ James L. Kestell_____
        James L. Kestell
        D.C. Bar # 955310

        /s/ Jonathan L. Gould_____
        Jonathan L. Gould
        DC Bar #491052

        Kestell and Associates
        1012 14th Street, NW, Suite 630
        Washington, DC 20005
        Tel. 202-347-3889
        Fax 202-347-4482
        Email: jlkestell@cox.net
        Email: jgould@igc.org

        Attorneys for the Plaintiff