## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

---

|  |  |
|---|---|
| **CARMEN S. TALAVERA**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **Civil Action No.: 07-720 (JDB)** |
| ) | |
| **HENRIETTA H. FORE,** ) | |
| Acting Administrator, U.S. Agency for ) | |
| International Development, ) | |
| ) | |
| Defendant. ) | |

---

### ANSWER TO FIRST AMENDED COMPLAINT

Defendant, Henrietta H. Fore, Acting Administrator of the United States Agency

for International Development, through her undersigned attorneys, hereby answers

and otherwise responds to Plaintiff's First Amended Complaint (hereinafter, the

"Complaint") in paragraphs corresponding to the numbered paragraphs in the Complaint

as follows:

### JURISDICTION[1]

1.  This paragraph consists of plaintiff's characterization of her legal causes of

action, a legal conclusion to which no response is required.  To the extent a response may

be deemed required, denied.

2.  This paragraph consists of plaintiff's characterization of the Court's jurisdiction

---

[1] The headings in this Answer are included solely for ease of reference.
Defendant does not respond in this Answer to any allegations contained in the headings
that appear in the Complaint.  To the extent a response to those allegations is required,
Defendant denies them.

over this action, a conclusion of law to which no response is required.  To the extent a response may be deemed required, denied.

3.   This paragraph consists of plaintiff's allegations regarding venue, a conclusion of law to which no response is required.  To the extent a response may be deemed required, denied.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

4.   Defendant is without sufficient information to admit or deny the allegations contained in paragraph 4 of the complaint, and therefore denies such allegations.

5.   Defendant is without sufficient information to admit or deny the allegations contained in paragraph 5 of the complaint, and therefore denies such allegations.

6.   The allegations contained in paragraph 6 of the complaint are conclusions of law to which no response is required.  To the extent a response is required, denied.

## PARTIES

7.   Defendant admits the allegations contained in paragraph 7.

8.   Defendant admits the allegations contained in paragraph 8.

9.   Defendant admits that Henrietta H. Fore is sued only in her official capacity, and states that it is without knowledge or information sufficient to admit or deny the remaining allegations contained in paragraph 9.

## STATEMENT OF CLAIMS

10.   Defendant admits that plaintiff is a female.  Defendant denies the remaining allegations contained in paragraph 10.

2

11.    Defendant admits the allegations contained in paragraph 11.

12.    Defendant denies the allegations contained in paragraph 12.

13.    Defendant admits that plaintiff was initially assigned to the Personnel Information Domestic Security unit and that plaintiff received good performance evaluations during that time while working under Mr. Bisom.  Defendant denies the remaining allegations contained in paragraph 13.

14.    Defendant admits the allegations contained in paragraph 14.

15.    Defendant admits the allegations contained in paragraph 15.

16.    Defendant admits the allegations contained in paragraph 16.

17.    Defendant admits the allegations contained in paragraph 17.

18.    Defendant admits the allegations contained in paragraph 18.

19.    Defendant denies the allegations contained in paragraph 19.

20.    Defendant admits that Mr. Coston contacted defendant's Human Resources office concerning plaintiff's performance problems.  Defendant denies the remaining allegations contained in paragraph 20.

21.    Defendant admits the allegations contained in paragraph 21.

22.    Defendant admits that plaintiff was denied two promotions for GS-14 positions during the periods alleged.  Defendant denies the remaining allegations contained in paragraph 22.

23.    Defendant denies the allegations contained in paragraph 23.

24.    Defendant admits the allegations contained in paragraph 24.

25.    Defendant admits the allegations contained in paragraph 25.

26.    Defendant denies the allegations contained in paragraph 26.

3

27.    Defendant admits the allegations contained in paragraph 27.

28.    Defendant denies the allegations contained in paragraph 28.  Defendant avers that Mr. Coston prepared a memorandum to send to Human Resources that included a description of several instances of inappropriate behavior by plaintiff.

29.    Defendant denies the allegations contained in paragraph 29.

30.    Defendant denies the allegations contained in paragraph 30.  Defendant avers that Human Resources recommended discipline arising out of four separate charges.  Human Resources found the remainder of plaintiff's behavior inappropriate but not worthy of discipline.

31.    Defendant admits the allegations contained in paragraph 31.

32.    Defendant denies the allegations contained in paragraph 32.

33.    The allegations contained in paragraph 33 contain legal conclusions to which no response is required; to the extent a response is required, the allegations are denied.

34.    Defendant denies the allegations contained in paragraph 34.

35.    Defendant denies the allegations contained in paragraph 35.

## CLAIM ONE (DISCRIMINATION BASED ON SEX AND RETALIATION FOR OPPOSING DISCRIMINATION AND FILING EEOC COMPLAINTS IN REMOVING THE PLAINTIFF FROM FEDERAL EMPLOYMENT.)

36.    Defendant's responses to paragraphs 1 through 35 are hereby incorporated by reference.

37.    The allegations contained in paragraph 37 contain legal conclusions to which no response is required; to the extent a response is required, the allegations are denied.

38.     The allegations contained in paragraph 38 contain legal conclusions to which no response is required; to the extent a response is required, the allegations are denied.

39.     The allegations contained in paragraph 39 contain legal conclusions to which no response is required; to the extent a response is required, the allegations are denied.

40.     The allegations contained in paragraph 40 contain legal conclusions to which no response is required; to the extent a response is required, the allegations are denied.

**CLAIM TWO (DISCRIMINATION BASED ON SEX AND RETALIATION FOR OPPOSING DISCRIMINATION AND FILING EEOC COMPLAINTS IN REFUSING TO PROMOTE THE PLAINTIFF TO A GS-14 POSITION.)**

41.     Defendant's responses to paragraphs 1 through 40 are hereby incorporated by reference.

42.     The allegations contained in paragraph 42 contain legal conclusions to which no response is required; to the extent a response is required, the allegations are denied.

43.     The allegations contained in paragraph 43 contain legal conclusions to which no response is required; to the extent a response is required, the allegations are denied.

44.     The allegations contained in paragraph 44 contain legal conclusions to which no response is required; to the extent a response is required, the allegations are denied.

45.     The allegations contained in paragraph 45 contain legal conclusions to which no response is required; to the extent a response is required, the allegations are denied.

## CLAIM THREE (DISCRIMINATION BASED ON SEX AND RETALIATION FOR OPPOSING DISCRIMINATION IN REQUIRING AN UNAUTHORIZED FITNESS FOR DUTY EXAM.)

46.     Defendant's responses to paragraphs 1 through 45 are hereby incorporated by reference.

47.     The allegations contained in paragraph 47 contain legal conclusions to which no response is required; to the extent a response is required, the allegations are denied.

48.     The allegations contained in paragraph 48 contain legal conclusions to which no response is required; to the extent a response is required, the allegations are denied.

49.     The allegations contained in paragraph 49 contain legal conclusions to which no response is required; to the extent a response is required, the allegations are denied.

50.     The allegations contained in paragraph 50 contain legal conclusions to which no response is required; to the extent a response is required, the allegations are denied.

## DEMAND FOR RELIEF AND JURY TRIAL

The remainder of the Complaint consists of plaintiff's prayer for relief to which no response is required. To the extent a response is required, defendant states that plaintiff is not entitled to the relief requested or to any relief whatsoever. Defendant avers that any award of compensatory damages for Plaintiff's Title VII claim would be subject to and limited by § 42 U.S.C. § 1981a and that exemplary damages may not be awarded in this action. Defendant further avers that any relief would be limited by 42 U.S.C. § 2000e-5(g)(2)(B).

All allegations contained in the Complaint not heretofore specifically admitted, modified or denied are hereby generally denied as completely as if separately and specifically denied.

## FIRST DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Defendant reserves the right to assert affirmatively any other defense that constitutes an avoidance or affirmance under Fed. R. Civ. P. 8(c).

**WHEREFORE**, defendant requests that the Court dismiss the Complaint and award defendant such other relief as the Court may deem appropriate, including costs.

Respectfully submitted,

/s/

JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/

RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


/s/

CHRISTOPHER B. HARWOOD
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0372


COUNSEL FOR DEFENDANT

Of Counsel:

HARMONY WADE
USAID Attorney
USAID General Counsel
1300 Pennsylvania Ave.
Washington, D.C. 20523